# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:21-cr-00094** |
| | ) | **Judge Aleta A. Trauger** |
| **HANK WISE** | ) | |

## MEMORANDUM AND ORDER

Before the court is defendant Hank Wise's Motion to Dismiss for Violation of Speedy Trial (Doc. No. 29), which seeks dismissal of the Indictment (Doc. No. 21) on the grounds that it was filed more than thirty days after the date on which Wise was arrested and detained. Specifically, he was arrested on December 29, 2020, but he was not indicted until June 7, 2021.

Wise acknowledges that this court's Administrative Order 209 and a series of amendments to Administrative Order 209 suspended grand juries proceedings in this district, but he argues that more than thirty days have passed since grand juries have resumed and, therefore, that the court must dismiss the charges against him in accordance with 18 U.S.C. § 3162(a)(1). He further argues that the court should dismiss the charges with prejudice rather than without. Wise is mistaken.

The relevant provision of the so-called "Speedy Trial Act" states:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b). The second sentence of this provision is relevant here, given the recent pandemic conditions and their effect on court proceedings.

On March 16, 2020, Chief Judge Waverly Crenshaw issued Administrative Order 209: Court Operations Under The Exigent Circumstances Created By COVID-19.[1] Chief Judge Crenshaw's original Administrative Order cited the then-existing state of emergency as declared by local, state, and federal authorities in response to the COVID-19 pandemic. Importantly, Chief Judge Crenshaw's Order also suspended all grand jury proceedings:

> For the detailed reasons described above, all grand jury proceedings scheduled to take place between March 17, 2020 and April 30, 2020, are continued. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, from March 17, 2020 through April 30, 2020.

Admin. Order No. 209 ¶ 6 (M.D. Tenn. Mar. 16, 2020).

Since March 16, 2020, Administrative Order 209 has been repeatedly amended and extended, each time addressing grand jury proceedings, continuing grand jury operations, and tolling deadlines except under very specific circumstances. As relevant here, shortly before Wise was arrested on December 29, 2020, the court issued the Eighth Amended version of Administrative Order 209 on November 30, 2020, continuing grand jury proceedings through January 15, 2021. Admin. Order No. 209 (Eighth Amended) ¶ 8.) The Ninth, Eleventh, and Twelfth Amendments to the Order, respectively, continued grand jury proceedings through February 28, 2021, April 15, 2021, and June 30, 2021.

In particular, the Twelfth Amended version of Administrative Order 209 suspended all grand jury proceedings through June 30, 2021 "with the exception of Grand Jury Panel No. 2019-2, who will report for limited purposes as ordered by the Chief Judge." Admin. Order No. 209 (Twelfth Amended) ¶ 8. The Twelfth Amended version further stated:

> Having previously polled grand jurors as to their willingness and availability to serve and meet a quorum due to issues related to COVID-19, the Court remains

---

[1] Administrative Order 209 and all amended iterations thereof are available at: https://www.tnmd.uscourts.gov/news/administrative-orders-and-other-covid-19-notifications).

concerned that grand jurors are still more focused on health and safety concerns and a return to some form of normalcy in their lives, which creates a distraction on their work as grand jurors. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, through June 30, 2021.

*Id.*

The Government avers that the "limited purposes as ordered by the Chief Judge" for which the Grand Jury Panel was meeting did not include consideration of Wise's case until June 7, 2021, when his case was presented to a grand jury, which issued the Indictment. Accordingly, there was no grand jury "in session" between March 16, 2020 and June 7, 2021 pursuant to Administrative Order 209, and the period of time for filing the Indictment was extended by each iteration of Administrative Order 209, up through the date on which the Indictment in this case was actually issued.

As the Government points out, under Rule 6(a) of the Federal Rules of Criminal Procedure, the district court has the power to summon the grand jury, not the Government. Rule 6 also imbues the district court with the power to select jurors and alternates, hear challenges to the grand jury, extend the grand jury's service, and to discharge the grand jury. Fed. R. Crim. P. 6(a)–(b). Administrative Order 209 and all amendments thereto fell within the authority granted the court by Rule 6. Moreover, to the extent a grand jury was convened after the Order was issued, its purview was limited in scope by the Chief Judge's orders. For matters outside that limited scope, "all grand jury proceedings" remained suspended, and "all related deadlines" remained "tolled for all purposes, including the statute of limitations." Admin. Order 209 ¶ 6.

Based on Administrative Order 209 and the referenced amended versions thereof, no grand jury was in session that was authorized and available for the Government to seek an indictment in this case until the defendant was indicted on June 7, 2021. As a result, the time period of December 30, 2020 through June 7, 2021, is hereby **EXCLUDED** in computing the time within which an

indictment or information must be filed under 18 U.S.C. § 3161(b), and the defendant's Motion to Dismiss is **DENIED**.

Insofar as the Government believes that the ongoing health concerns identified in Administrative Order 209, the duration of which cannot be predicted, or additional amendments to Administrative Order 209 may require the extension of the time period within which this case must proceed to trial under 18 U.S.C. § 3161(c)(1) or § 3164(b), the Government **MUST** file a timely motion to extend or toll the statutory time limits within which the defendant must be brought to trial.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge